ROBERT ATKINS v. EDWARD O. DANIEL, JR.

(Filed 23 May, 1956.)

**Negligence § 21—**

> Where defendant files a cross action upon his contention that the collision was the result of plaintiff's negligence, the court, after submitting the issue of defendant's negligence, may submit the question of plaintiff's contributory negligence to the jury upon the issue of whether defendant was injured by the negligence of plaintiff.

APPEAL by defendant from *Sink, Emergency J.,* November Term, 1955, CASWELL.

Civil action growing out of a collision between automobiles owned and operated by plaintiff and defendant occurring 31 July, 1954, near a highway intersection in the Killquick community of Caswell County.

Each party alleged that the collision was caused solely by the negligence of the other. Plaintiff by his action and defendant by his cross action or counterclaim sought to recover damages for injuries to person and damage to property. Also, conditionally, defendant pleaded contributory negligence on the part of plaintiff in bar of his right to recover.

The issues, submitted without objection, were answered by the jury as follows: "1. Was the plaintiff, Robert Atkins, injured and damaged by the negligence of the defendant as alleged in the complaint? Answer: Yes. 2. Was the defendant, Edward O. Daniel, Jr. injured and damaged by the negligence of the plaintiff, as alleged in the further answer and counter-claim? Answer: No. 3. If so, what amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $5,000.00. 4. If so, what amount, if any, is the defendant entitled to recover of the plaintiff? Answer ..........."

From judgment in plaintiff's favor, in accordance with the verdict, defendant appealed, assigning errors.

*Brown, Scurry, McMichael & Griffin for plaintiff, appellee.*

*Pemberton & Blackwell and Sharp & Robinson for defendant, appellant.*

PER CURIAM. All the evidence shows that the injuries and damages sustained by both plaintiff and defendant resulted from the collision. Therefore, the ultimate inquiry was to determine the cause of collision.

The court, while not defining contributory negligence *eo nomine*, made it plain to the jury that if the collision was proximately caused by negligence on the part of both drivers, both the first and second issues should be answered, "Yes," and that in such event neither party could recover from the other. The first two issues, under the court's instructions, adequately presented the questions determinative of liability, viz.: Was the collision proximately caused (1) by the sole negligence of defendant, or (2) by the sole negligence of plaintiff, or (3) by the concurring negligence of both defendant and plaintiff? Upon conflicting evidence, the jury resolved the determinative issues in plaintiff's favor.

Careful consideration of appellant's exceptive assignments of error, which relate principally to the charge, fails to disclose any error of law deemed of sufficient prejudicial effect to warrant a new trial. Hence, the verdict and judgment will not be disturbed.

No error.